[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
MARCH 2, 2012
JOHN LEY
CLERK

No. 11-12507
Non-Argument Calendar
_____

Agency No. A088-006-762


CESAR AUGUSTO LEON CARABALLO,

Petitioner,


versus


U.S. ATTORNEY GENERAL,

Respondent.


_____

Petition for Review of a Decision of the
Board of Immigration Appeals
_____

(March 2, 2012)

Before TJOFLAT, EDMONDSON and BLACK, Circuit Judges.

PER CURIAM:

Cesar Leon Caraballo, a native and citizen of Venezuela, seeks review of the Board of Immigration Appeals' (BIA) order affirming the Immigration Judge's (IJ) denial of asylum, withholding of removal, and CAT relief. On appeal, Leon argues (1) he demonstrated past persecution, and (2) independently established a well-founded fear of future persecution.[1] After review, we deny Leon's petition.[2]

## I.

Leon contends the BIA erred by relying on the fact that the incidents of alleged persecution occurred years before Leon's departure from Venezuela. He also argues he established persecution based on the nature of the incidents, which involved attacks with a knife.

We have stated that "persecution is an extreme concept, requiring more than a few isolated incidents of verbal harassment or intimidation." *De Santamaria v.*

---

[1] Although Leon also challenges the IJ's adverse-credibility finding, we need not address this issue. Even assuming *arguendo* Leon's testimony was credible, he still fails to demonstrate eligibility for asylum relief and withholding of removal. Moreover, because Leon did not raise his claim for CAT relief before the BIA or this Court, that claim is both unexhausted and abandoned. *See Amaya-Artunduaga v. U.S. Att'y Gen.*, 463 F.3d 1247, 1251 (11th Cir. 2006); *Sepulveda v. U.S. Att'y Gen.*, 401 F.3d 1226, 1228 n.2 (11th Cir. 2005).

[2] The BIA did not expressly adopt the IJ's reasoning, but agreed with the IJ's reasoning and findings such that we will review both decisions. *Al Najjar v. Ashcroft*, 257 F.3d 1262, 1284 (11th Cir. 2001). We review the BIA's factual determinations under the substantial evidence test. *D-Muhumed v. U.S. Att'y Gen.*, 388 F.3d 814, 817-18 (11th Cir. 2004). Under this test, we "must affirm the BIA's decision if it is supported by reasonable, substantial, and probative evidence on the record considered as a whole." *Id.* at 818.

*U.S. Att'y Gen.*, 525 F.3d 999, 1008 (11th Cir. 2008). Although we have also stated that "[m]inor physical abuse" does not amount to persecution, *Kazemzadeh v. U.S. Att'y Gen.*, 577 F.3d 1341, 1353 (11th Cir. 2009), we have rejected a rigid physical injury requirement, *De Santamaria*, 525 F.3d at 1008. Rather, we will consider the cumulative impact of mistreatment, even though each instance of mistreatment, when considered alone, may not amount to persecution. *Id.*

The record does not demonstrate that the incidents described by Leon were more than isolated acts. Although the attacks were reprehensible, they were not as severe as other acts this Court has held to constitute persecution. *See, e.g., Mejia v. U.S. Att'y Gen.*, 498 F.3d 1253, 1257–58 (11th Cir. 2007) (holding that threats and attempted attacks over an 18-month period, culminating in an attack at gunpoint during which FARC members threatened the petitioner and broke his nose with the butt of a rifle, constituted persecution). Moreover, there is some indication Leon may have been the victim of criminal acts, rather than politically-motivated violence. *See Ruiz v. U.S. Att'y Gen.*, 440 F.3d 1247, 1258 (11th Cir. 2006) (holding that evidence that is consistent with acts of private violence or that merely shows a person has been the victim of criminal activity does not constitute evidence of persecution based on a statutorily protected ground). Considering the

cumulative impact of the mistreatment against Leon, substantial evidence supports the BIA's determination that he has not demonstrated past persecution.

## II.

Leon also contends that even if he did not establish past persecution, he independently established a well-founded fear of future persecution. He claims he fears persecution based on his membership in ORVEX, an organization of Venezuelans in exile who protest the Chavez regime.

If the alien "cannot show past persecution, then the petitioner must demonstrate a well-founded fear of future persecution that is both subjectively genuine and objectively reasonable." *Ruiz*, 440 F.3d at 1257. "The subjective component can be proved by the applicant's credible testimony that he or she genuinely fears persecution, while the objective component can be fulfilled either by establishing past persecution or that he or she has a good reason to fear future persecution." *Id.* (quotations omitted). The petitioner must establish "a reasonable possibility he or she would be singled out individually for persecution, or that she is a member of, or is identified with, a group that is subjected to a pattern or practice of persecution." *Djonda v. U.S. Att'y Gen.*, 514 F.3d 1168, 1174 (11th Cir. 2008) (quotations and citation omitted).

The BIA's decision that Leon failed to establish a well-founded fear of future persecution is supported by substantial evidence. Leon made multiple return trips to Venezuela between 1995 and 1999, but did not apply for asylum upon re-entering the United States after those trips. Rather, Leon waited until 2007 to file an application for asylum, which undermines the credibility of his subjective fear. To the extent Leon claims he can establish a well-founded fear of future persecution based on his association with ORVEX, substantial evidence supports the BIA's conclusion that the Venezuelan government would not seek out Leon due to his involvement in the group. Because the standard for withholding of removal is more stringent than that for asylum, the same substantial evidence that supports the denial of asylum also supports the denial of withholding of removal. *See D-Muhumed v. U.S. Att'y Gen.*, 388 F.3d 814, 819 (11th Cir. 2004).

**PETITION DENIED.**